SHARON L. NELSON
Nevada Bar No. 6433
NELSON LAW
401 N. Buffalo, Suite 210
Las Vegas, Nevada 89145
Attorneys for Plaintiff
SEAN DUMONT

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SEAN DUMONT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MGM GRAND HOTEL, LLC, a Nevada Limited Liability Company d/b/a MGM GRAND LAS VEGAS; TC ENTERPRISES, a New York limited liability company, d/b/a CRAFTSTEAK RESTAURANT,; inclusive,<br><br>　　　　Defendants. | Case No:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff, SEAN DUMONT (hereinafter referred to as "Plaintiff"), by and through his undersigned attorneys of the law firm of Nelson Law, hereby alleges and complains against MGM GRAND HOTEL, LLC, a Nevada Limited Liability Company d/b/a MGM GRAND LAS VEGAS; TC ENTERPRISES, a New York limited liability company, d/b/a CRAFTSTEAK RESTAURANT (hereinafter collectively referred to as "Defendants") as follows:

## GENERAL ALLEGATIONS

1.　　That at all times relevant herein, Plaintiff has been a resident of Clark County, State of Nevada and was employed by Defendant MGM as a food server at Craftsteak, a restaurant managed by Defendant TC Enterprises.

2. At all times relevant herein, Defendant MGM was a Nevada limited liability company, licensed to and conducting business in the State of Nevada.

3. At all times relevant herein, Defendant TC Enterprises, was a New York limited liability company, licensed to and conducting business in the State of Nevada.

4. Plaintiff was hired by Defendants on or about June 6, 2002 and was a food server at all relevant times herein.

5. Plaintiff position was covered by a contract between the Culinary and MGM.

6. On information and belief, Plaintiff believes Defendants are his joint/dual/special employers because both companies controlled the terms and conditions of Plaintiff's employment.

7. On October 18, 2005, Plaintiff approached his general manager, Alexandre Gaudelet (hereinafter referred to as "Gaudelet") and asked for a Step I hearing with him.

8. Gaudelet questioned Plaintiff about the need for a Step I and Plaintiff specifically informed Gaudelet that the Step I hearing was necessary to address what Plaintiff believed was discrimination and harassment perpetrated by Gaudelet towards Plaintiff. Gaudelet acted frustrated and told Plaintiff he had seven (7) days to give him a Step I.

9. On the evening of October 18, 2005 Gaudelet ordered Plaintiff to meet with him and to detail fully his claims of harassment or discrimination. When Plaintiff indicated he was entitled to a Step I, Gaudelet said that human resources could handle the matter. Plaintiff expressed his disappointment with Gaudelet's refusal to proceed with the Step I and felt that Gaudelet was attempting to ruin his career. Plaintiff told Gaudelet that he would attempt to ruin Gaudelet just as Gaudelet was attempting to ruin him.

10. Gaudelet somehow contrived this statement as a threat and immediately suspended Plaintiff. Gaudelet next conveyed to human resources that he felt "threatened" by Plaintiff's statement.

11. Human Resources, acting upon the information provided by Gaudelet, supported Gaudelet's decision and both terminated Plaintiff for threats of physical violence within less than seventy-two (72) hours after receiving Plaintiff's complaint of discrimination and harassment.

12. Plaintiff has satisfied all necessary administrative prerequisites for this suit and has obtained a right to sue letter from the Equal Employment Opportunity Commission.

## FIRST CAUSE OF ACTION
## (RACE/NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII)

13. Plaintiff incorporates by reference paragraphs 1 through 12 as though fully set forth herein.

14. Plaintiff is a racial minority and member of a protected class. Defendants knew that Plaintiff was a member of a protected class and individuals implementing adverse decisions in relation to Plaintiff were aware of Plaintiff's protected status.

15. Defendants are and at all material times were, employers within the meaning of Title VII, 42 U.S.C. §2000e(b), and, as such, are barred from discriminating in employment decisions on the basis of race or national origin as set forth in Title VII, 42 U.S.C. §2000e et seq.

16. Plaintiff performed his job satisfactorily.

17. Plaintiff's race and/or national origin played a motivating factor or was a role in Defendants' treatment and/or animus directed towards Plaintiff.

18. As a result of Defendants' conduct, Plaintiff has been damaged in an amount in excess of $10,000.00.

19. Additionally, the conduct of Defendants and their employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages in an amount in excess of $10,000.00.

20. As a result of Defendants' discriminatory acts as alleged herein, Plaintiff is entitled to his attorneys' fees and costs of suit as provided by Title VII, 42 U.S.C. §2000e – 5(k).

## SECOND CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF TITLE VII)

21. Plaintiff repeats and realleges paragraphs 1-20 by this reference the same as though fully set forth herein.

22. Plaintiff complained to his employer about discrimination and harassment.

23. Almost immediately after Plaintiff's complaint he was ordered into a meeting with the very person about which he complained and then after failing to give that person specifics about his complaint was suspended and ultimately terminated.

24. The adverse conduct in which Defendants and its employees engaged towards Plaintiff was a result of his complaints about discrimination and harassment and operates to dissuade other reasonable workers from making or supporting charges of discrimination.

25. The treatment to which Plaintiff was subjected was retaliatory in violation of Title VII.

26. Plaintiff has suffered and will continue to suffer irreparable injury caused by the conduct of Defendants and their employees.

27. As a direct and proximate result of the conduct of Defendants and their employees, Plaintiff has been damaged in a sum in excess of $10,000.00.

28. Additionally, the conduct of Defendants and their employees has been malicious, fraudulent and oppressive and was designed to vex, annoy or harass Plaintiff and thus Plaintiff is entitled to punitive damages.

29. As a result of Defendants' discriminatory acts as alleged herein, Plaintiff is entitled to his attorneys' fees and costs of suit as provided by Title VII, 42 U.S.C. §2000e – 5(k).

### THIRD CAUSE OF ACTION
### (NEGLIGENT HIRING, TRAINING AND/OR SUPERVISION)

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully set forth herein.

31. Pursuant to Wood v. Safeway, Defendant has a duty to properly hire, train and supervise its employees.

32. Defendants' duty to properly hire, train and supervise extends to all persons, including Plaintiff, in their employ.

33. Defendants failed to properly hire, train and supervise its agents, servants or employees herein.

34. As a direct and proximate result of the breach of said duty, Defendants' agents, servants or employees' conduct against Plaintiff unlawfully and willfully subjected Plaintiff to physical harm.

35. The conduct of Defendants' agents, servants or employees' conduct was intentional and reasonably foreseeable by Defendants.

36. As a result of Defendants' conduct, Plaintiff is entitled to all applicable damages.

WHEREFORE, Plaintiff prays for judgment in his favor against Defendants as follows:

(1) For general damages for injury, pain and suffering;

(2) For special damages;

(3) For wages, salary, employment benefits and other compensation denied or lost in an amount according to proof;

(4) For interest calculated at the prevailing rate;

(5) For equitable relief;

(6) For punitive and exemplary damages on claims warranting such damages;

(7) Reasonable attorney's fees and cost of suit incurred herein;

(8) For such other and further relief as the Court deems just and proper.

Dated this 17 day of September 2007.

          **NELSON LAW**

          */s/ Sharon L. Nelson*
          SHARON L. NELSON
          Nevada Bar No. 6433
          401 N. Buffalo Drive, Suite 210
          Las Vegas, Nevada 89145
          Attorneys for Plaintiff
          SEAN DUMONT